UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE MAYES

    Plaintiff,

-VS-

EXPERIAN INFORMATION
SOLUTIONS, INC., COLLECTO,
INC., d/b/a EOS CCA, and SEQUIUM
ASSET SOLUTIONS, LLC,

    Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## **COMPLAINT**

Plaintiff, Willie Mayes, by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc., (hereinafter "Experian"), Collecto, Inc., d/b/a EOS CCA, (hereinafter "EOS CCA"), and Sequium Asset Solutions, LLC (hereinafter "Sequium") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

1

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*, ("FCRA") and 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Today in America there are three major consumer reporting agencies, Equifax, Experian, and Trans Union.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, *Supervisory Highlights Consumer Reporting Special Edition* 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Georgia, residing in Henry County, Georgia.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Georgia through its registered agent, CT Corporation System, located at 289 South Culver Street, Lawrenceville, Georgia, 30046.

12. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

13. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, EOS CCA is a corporation headquartered in the state of Massachusetts, authorized to do business in the state of Georgia through its registered agent, C T Corporation System, located at 289 Culver Street, Lawrenceville, Georgia, 30046.

16. EOS CCA is a corporation collecting an alleged obligation which arises out of personal, family, or household transactions.

17. EOS CCA is a corporation attempting to collect an alleged consumer debt from the Plaintiff.

18. EOS CCA is a "Furnisher of Information" as that term is used in 15 U.S.C. § 1681s-2.

19. EOS CCA is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

20. Upon information and belief, Sequium is a corporation headquartered in Georgia, authorized to do business in the state of Georgia through its registered

agent, Registered Agent Solutions, Inc., located at 900 Old Rosewell Lakes Parkway, Suite 310, Rosewell, GA, 30076.

21. Sequium is a corporation collecting an alleged obligation which arises out of personal, family, or household transactions.

22. Sequium is a corporation attempting to collect an alleged consumer debt from the Plaintiff.

23. Sequium is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24. Sequium is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

25. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

## FACTUAL ALLEGATIONS

26. Plaintiff is a natural person who is alleged to owe a debt to DirecTV.

27. Plaintiff has never had an account with DirecTV.

28. Upon information and belief, in or around February of 2020, Sequium began attempting to collect the alleged DirecTV debt.

29. Plaintiff became aware of the account in question in or around February of 2020 when Plaintiff received a debt collection letter regarding the DirecTV account.

30. Plaintiff does not owe the alleged debt to DirecTV.

31. In February of 2020, Plaintiff verbally disputed the alleged debt with Defendant, Sequium.

32. In February of 2020, Plaintiff verbally disputed the alleged debt with DirecTV. Plaintiff received confirmation that the address used to open DirecTV account is in Norwood, GA.

33. Plaintiff has never resided in Norwood, GA.

34. In March, June, and August of 2020 Plaintiff mailed written disputes to Experian concerning the fraudulent reporting.

35. Upon information and belief, in March, June, and August of 2020, Experain notified Sequium of the disputes.

36. Upon information and belief, in March, June, and August of 2020 Sequium verrified the alleged debt and continued to report the account on Pliantiff's Experian Credit Report.

37. Sequium failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of its error.

38. Experian kept the account and inaccurate information on Plaintiff's credit report despite being notified that Plaintiff did not owe the alleged debt.

39. In or around November of 2020, Plaintiff received an Experian Credit Report via Experian's website and noticed the Sequium account was no longer present.

40. However, the Plaintiff discovered that an EOS CCA account is being reported in its place.

41. The alleged EOS CCA debt is for the exact same amount, and both accounts list DirecTV as original creditor.

42. In November of 2020, Plaintiff mailed a final dispute letter to Experian regarding the EOS CCA innacurate account being reported.

43. Upon information and belief, in November of 2020, Experain notifed EOS CCA of the dispute.

44. Upon information and belief, in November of 2020, EOS CCA verrified the alleged debt and continues to report the account on Pliantiff's Experian Credit Report.

45. EOS CCA continues to verify to Experian that the debt belongs to Plaintiff.

46. To date, EOS CCA, has failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of its error.

47. Experian kept the innacurate account on Plaintiff's credit report despite being notified that Plaintiff does not owe the alleged debt.

48. To date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its errors.

49. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Delay in reapplying for credit;

   ii. Lost opportunities to apply for credit while his credit is being negatively affected;

   iii. Loss of time;

   iv. Mental anguish, stress, and other related impairments to the enjoyment of life.

50. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

51. Plaintiff re-alleges and fully incorporates paragraphs one (1) through fifty (50) as if fully set out herein.

52. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

53. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damages by denial of small business loan, denial of credit, delay in reapplying for small business loan, delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

54. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

55. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney

fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)

56. Plaintiff re-alleges and fully incorporates paragraphs one (1) through fifty (50) above as if fully set out herein.

57. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

58. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damage by denial of small business loan, denial of credit, delay in reapplying for small business loan, delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

59. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

60. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## **COUNT III**
**(Violation of the FCRA – as to Defendant, Collecto, Inc., d/b/a EOS CCA)**

61. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully set out herein.

62. EOS CCA published the EOS CCA representations to Experian, and through Experian, to all of Plaintiff's potential lenders on multiple occasions.

63. EOS CCA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of EOS CCA's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to

every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DirecTV representations to the consumer reporting agencies.

64. EOS CCA violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after EOS CCA had been notified that the information was inaccurate.

65. EOS CCA did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the EOS CCA representation. It also had substantial evidence by which to have verified that the Plaintiff is not the responsible party. EOS CCA knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if EOS CCA would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

66. As a result of this conduct, action, and inaction of EOS CCA, Plaintiff suffered damage by denial of small business loan, denial of credit, delay in reapplying for small business loan, delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

67. EOS CCA's conduct, action, and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover costs and attorney's fees from EOS CCA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Collecto, Inc., d/b/a EOS CCA, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**(Violation of the FDCPA – as to Defendant, Collecto, Inc., d/b/a EOS CCA)**

69. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully set out herein.

70. At all times relevant to this action Defendant, EOS CCA, is subject to and must abide by 15 U.S.C. § 1692 et seq.

71. Defendant, EOS CCA, has violated 15 U.S.C. § 1692e(2) by falsely representing the character and legal status of the alleged debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Collecto, Inc., d/b/a EOS CCA, for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
**(Violation of the FCRA – as to Defendant, Sequium Asset Solutions, LLC)**

72. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully set out herein.

73. Sequium published the Sequium representations to Experian, and through Experian, to all of Plaintiff's potential lenders on multiple occasions.

74. Sequium violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Sequium's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DirecTV representations to the consumer reporting agencies.

75. Sequium violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Sequium had been notified that the information was inaccurate.

76. Sequium did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Sequium representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Sequium knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Sequium would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

77. As a result of this conduct, action, and inaction of Sequium, Plaintiff suffered damage by denial of small business loan, denial of credit, delay in reapplying for small business loan, delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

78. Sequium's conduct, action, and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined

by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover costs and attorney's fees from Sequium in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Sequium Asset Solutions, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
**(Violation of the FDCPA – as to Defendant, Sequium Asset Solutions, LLC)**

80. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully set out herein.

81. At all times relevant to this action Defendant, Sequium, is subject to and must abide by 15 U.S.C. § 1692 et seq.

82. Defendant, Sequium, has violated 15 U.S.C. § 1692e(2) by falsely representing the character and legal status of the alleged debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Sequium Asset Solutions, LLC, for

statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

        Respectfully submitted,

        */s/ Octavio "Tav" Gomez, Esquire*
        Octavio "Tav" Gomez, Esquire
        Georgia Bar #: 617963
        Morgan & Morgan, Tampa, P.A.
        One Tampa City Center
        201 N Franklin Street, 7th Floor
        Tampa, Florida 33602
        Telephone: (813) 223-5505
        Facsimile: (813) 559-4845
        TGomez@ForThePeople.com
        JDerry@ForThePeople.com
        JKneeland@ForThePeople.com
        SMcgee@ForThePeople.com
        EShillinglaw@ForThePeople.com
        *Attorney for Plaintiff*